T.C. Summary Opinion 2006-86


UNITED STATES TAX COURT


GERALDINE ANN PECK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22437-04S.                Filed May 23, 2006.


Geraldine Ann Peck, pro se.

<u>Jeremy L. McPherson</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2000 Federal income tax of $8,887. After a concession by petitioner,[1] the issue for decision is whether petitioner's gross income includes $50,000 of settlement proceeds she received from her former employer.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts with attached exhibits, and an additional exhibit admitted at trial, are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Redding, California.

Petitioner began working as a special education teacher for the Shasta County Office of Education (SCOE) in 1986. By the late 1990s, petitioner's relationship with SCOE had deteriorated significantly. In 1999, SCOE had petitioner evaluated by a panel of mental health experts and filed a complaint against her in State court. The complaint alleges that petitioner is mentally unfit to teach and seeks to place her on mandatory sick leave. SCOE filed the complaint as part of its efforts to terminate petitioner's employment.

---

[1] Petitioner concedes that a $491 income tax refund she received from the State of California is taxable. The remaining adjustment in respondent's notice of deficiency is computational; therefore, we do not address it.

Petitioner denied that she was unfit to teach. A pleading petitioner filed with the State court asserts: (1) Petitioner "is not suffering from a mental illness which prevents her from performing her duties as a special education teacher"; and (2) "even if she does suffer from a mental illness * * * she is more than competent to perform her duties".

In September 2000, the State court case was resolved pursuant to a written settlement agreement. Petitioner resigned her position and executed a release of claims against SCOE. In exchange, SCOE paid petitioner $50,000.

On her 2000 Federal income tax return, petitioner did not report the $50,000 as gross income. Petitioner had suffered from various physical ailments during her employment with SCOE, including diabetes, inner ear pain, and impetigo. Petitioner believed that the $50,000 was, in whole or in part, compensation for these injuries and therefore nontaxable. Respondent determined that the $50,000 was includable in petitioner's gross income and issued a notice of deficiency to petitioner on September 2, 2004.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant

to section 7491(a), the burden of proof as to factual matters shifts to respondent under certain circumstances.  Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests.  Petitioner therefore bears the burden of proof.

A taxpayer's gross income includes all income from whatever source derived unless excluded by a specific provision of the Internal Revenue Code.  Sec. 61(a).  Gross income does not include "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".  Sec. 104(a)(2).  To qualify for this exclusion, the taxpayer must demonstrate:  (1) The underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and (2) the damages were received on account of personal physical injuries or physical sickness. Commissioner v. Schleier, 515 U.S. 323, 337 (1995); Allum v. Commissioner, T.C. Memo. 2005-177.  The terms "physical injury" and "physical sickness" do not include emotional distress, except to the extent of damages not in excess of the amount paid for medical care attributable to emotional distress.  Sec. 104(a) (flush language); see also Prasil v. Commissioner, T.C. Memo. 2003-100.

When damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2).  United States v. Burke, 504 U.S. 229, 233 (1992); Prasil v. Commissioner, supra.  The determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement.  Robinson v. Commissioner, 102 T.C. 116, 126 (1994), affd. in part and revd. in part 70 F.3d 34 (5th Cir. 1995).  If the settlement agreement lacks express language stating what the settlement amount was paid to settle, we look to the intent of the payor, based on all the facts and circumstances of the case, including the complaint that was filed and the details surrounding the litigation.  Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33; Allum v. Commissioner, supra.

Here, the settlement agreement provides that SCOE will pay petitioner $50,000 in exchange for her resignation and a release of claims.  The settlement agreement does not mention petitioner's diabetes or other ailments.  Instead, it refers generally to "Disputes and disagreements" between the parties and contains boilerplate language that releases SCOE from "any and all claims" by petitioner.

Looking beyond the settlement agreement, we likewise find no indication that SCOE intended the $50,000 to compensate

petitioner for physical injuries.  The complaint that SCOE filed in State court alleges that petitioner is mentally unfit to teach, but it says nothing about her physical health.  The other pleadings filed in connection with the State court case also omit any mention of petitioner's physical condition.  Petitioner argues that she suffered work-related physical injuries while employed with SCOE and that SCOE was aware of her injuries.  Even if petitioner is correct, however, the question is whether the $50,000 was paid on account of such injuries.  See sec. 104(a)(2).  There is nothing in the record linking the settlement proceeds to petitioner's diabetes or other physical injuries. Accordingly, respondent's determination is sustained.  Based on our resolution of this issue, we do not address whether the underlying cause of the State court action was based upon tort or tort type rights.  See Allum v. Commissioner, supra.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.